## HEFFERNAN v. JOHNSTON.
### No. 61 C 4106.

Circuit Court, Dade County.
October 13, 1961.

Raymond J. Wolf, Miami, for plaintiff.

Roy A. Johnston, in pro. per.

PHILLIP GOLDMAN, Circuit Judge.

This is an action to establish a constructive trust with respect to the proceeds from the sale of a parcel of realty, which allegedly occurred on February 6, 1929.

The foundation for the suit is "fraud". The only allegations in the complaint having any bearing on the issue of fraud are the allegations that the defendant — "without the knowledge, consent or permission of the plaintiff or [a named third party], fraudulently bargained, sold and conveyed the aforesaid property . . . " These allegations are insufficient.[1] See 1954 Florida Rules of Civil Procedure, Rule 1.9(b) which requires that all "averments of fraud or mistake" be stated with particularity.

---

[1]The sufficiency or insufficiency of the complaint is still material inasmuch as the court did not deny defendant's motion to dismiss but entered an order reserving ruling with respect thereto.

Aside from the question of pleading, the evidence presented, in the court's judgment, was not sufficient to meet the requirements of an action to establish a constructive trust.

In a proceeding of this type (contrary to the general rule in a civil case) the plaintiff must prove his case "beyond all reasonable doubt". Our courts have expressly rejected the "preponderance of evidence rule" in cases involving constructive trusts. This is particularly true when (as here) a long period of time has elapsed after the transactions or declarations relied on. See 33 Fla. Jur., Trusts, §124, pp. 124-126, and the legion of cases so holding which are collected in the notes.

It is accordingly ordered and decreed — (1) That this cause is hereby dismissed. (2) That each party shall bear his respective costs.